UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

VS

CASE NO. 3:07mj39/MD

WARD FRANKLIN DEAN

<u>DEFENDANT'S EMERGENCY MOTION TO TERMINATE COUNSEL
AND REPLACE WITH INDEPENDENT CJA COUNSEL</u>
<u>WHO WILL PROTECT DEFENDANT'S CONSTITUTIONALLY GUARANTEED RIGHTS
IN THE INTERESTS OF JUSTICE AS PER COUNSEL'S DUTY TO HIS CLIENT
PURSUANT TO THE RULES OF PROFEFSSIONAL CONDUCT</u>

On 4 September, 2007, Defendant received a copy of the Docket in this case, along with a letter from Defendant's Counsel (believed to be Docket entry No. 69) (Exhibit A). Significantly, it should be noted that these items were received by Defendant via the Inmate Mail System at FPC Pensacola from a disinterested "court watcher" in Colorado who has a PACER account--<u>not</u> from Defendant's appointed Counsel.

The letter from Counsel is not only factually incorrect, and misrepresents Defendant's written instructions to Counsel and Defendant's desires in this case, but also constitutes

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA

2007 SEP -7 PM 4: 51

FILED

a fraud upon the court and is a violation of Counsel's duties to his client pursuant to the Rules of Professional Conduct.

At the Hearing on Thursday, 16 August, 2007, Defendant was advised by his Counsel that Counsel would stop by either the holding cell in the courthouse or the county jail to discuss the case with him and prepare objections to the PSR on Thursday (August 16th) or Friday (August 17th).

Defendant was taken to the holding cell in the basement of the courthouse, where he was provided a copy of the PSR and related exhibits.

Although the cell was uncomfortably cold, and Defendant was without access to any legal research material, Defendant reviewed the documents that had been provided to him.

Defendant expected his Counsel later that day, or at least the following day, at the latest, as Counsel indicated he would do. Defendant believed he would have an opportunity to discuss the recently-reviewed PSR with Counsel at that time, and could formulate final objections thereto.

However, five days later, on 21 August, 2007, having not heard from his Counsel, Defendant telephoned Counsel to inquire as to when they would have an opportunity to discuss the PSR in order to file objections to the PSR within the 14 day time limit pursuant to FRCrP 32(f).

Defendant also expressed his belief to Counsel (during the telephone conversation) that Defendant's time would be better spent at the prison camp where he would have access to either the PSR or the law library. Defendant therefore requested that Counsel arrange for release from jail and that counsel visit Defendant at the prison camp.

Counsel stated at that time (21 August) that he had conferred with the Marshals, and that Defendant would be transferred back to Saufley Field on August 22nd or 23rd, <u>and that Counsel would confer with Defendant at the camp</u>.

On August 23rd, Defendant was transferred by the Marshal's Service back to FPC Pensacola.

By the time of Counsel's incongruously dated letter of August 27th, requesting that Defendant be "returned to FPC Pensacola (Saufley Field) as soon as possible," Defendant had <u>already</u> been back at Saufley for <u>four days</u>.

Furthermore, contrary to the implications of Counsel's letter, Counsel had not had any "discussions" with Defendant since the Hearing on the 16th, other than the brief telephone conversation (lasting no more than a minute or so) on August 21st. The subject of that conversation was limited to when would Defendant be transported back to FPC Pensacola (where it was mutually conceded that conditions would be more conducive to productive discussion of the case and the PSR, for both Counsel and Defendant). However, in the more than two weeks which have elapsed since that August 21st discussion, no further contact has been made.

Counsel's statement in his letter that "confer[ring] with Counsel is no longer his [Defendant's] desire" is absolutely false! As Defendant stated at the Hearing on August 16th, the entire purpose for Defendant's receipt of a copy of the PSR from the Probation Officer was to "restart the clock" to file objections to the PSR with the Probation Officer, pursuant to FRCrP 32(f).

Although Counsel asks that the sentencing date remain set for September 26th, 2007, "so that further filings on behalf

3

of [Defendant] may be accomplished," Defendant is not sure what filings Counsel has in mind, as he has utterly failed to communicate with Defendant.

It appears to Defendant that Counsel is not a vigorous advocate of Defendant's Constitutionally guaranteed rights. The subject letter from Counsel is conspicuously absent any Notice to Defendant (In fact, the letter was received by Defendant only through the courtesy of an alert "court watcher" on the other side of the country).

Counsel's letter is a fraud upon the court, and causes Defendant to completely lose confidence in his Counsel's dedication to his duty to protect Defendant's rights.

Wherefore, Defendant respectfully requests this honorable court terminate the services of his appointed counsel, and requests that an independent CJA attorney be appointed who will zealously advocate and defend Defendant's rights.

Pursuant to 28 U.S.C. § 1746, Defendant declares under penalty of perjury that the foregoing is true and correct. Executed on __5__ September, 2007.

Ward Dean, 06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida   32509-5127

### CERTIFICATE OF SERVICE

I certify that I have on this __5th__ day of September, 2007, placed a true and exact copy of the foregoing in the U.S. Mail, postage prepaid, to Robert G. Davies, AUSA, 21 East Garden Street, Ste 400, Pensacola, Florida   32502.

Ward Dean
06076-017

4

## Office of the
## FEDERAL PUBLIC DEFENDER
### NORTHERN DISTRICT OF FLORIDA



**RANDOLPH P. MURRELL**
Federal Public Defender

**Attorneys**

William R. Clark, Jr.
Robert A. Dennis, Jr.
Chet Kaufman
Thomas S. Keith
Charles W. Lammers
Randall Lockhart
Thomas E. Miller
Gwendolyn Spivey

**Reply to Pensacola Division**
3 West Garden Street
The Blount Building, Suite 200
Pensacola, FL 32501
(850) 432-1418 Fax 434-3855

**Tallahassee Division**
227 N. Bronough Street
Suite 4200
Tallahassee, FL 32301-1300
(850)942-8818 Fax:942-8809

**Gainesville Division**
101 S.E. Second Place
Suite 112
Gainesville, FL 32601-6591
(352)373-5823 Fax: 373-7644

August 27, 2007

The Honorable Miles Davis
United States Magistrate Judge
1 North Palafox Street
Pensacola, FL 32501

Dear Judge Davis:

    I have had discussions with my client Dr. Ward Dean, and Dr. Dean wishes to be returned to FPC Pensacola (Saufley Field) as soon as possible. Dr. Dean has had adequate time to review the documentation provided to him by United States Probation Officer, Pamela Lassiter, in order to file his objections to the presentence report in his case.

    Your order allowing him to review his sentencing materials at the United States Courthouse and then to confer with counsel is no longer an object of his desire; although, Dr. Dean thanks your Honor for arranging this procedure.

    We should ask that the sentencing date (September 26, 2007, at 9:00 a.m.) set by this Honorable Court remain the same so that further filings of behalf of Dr. Dean may be accomplished.

    Thank you for your assistance in this matter and for the courtesies you have extended to Dr. Dean.

Sincerely yours,

/s/ Robert A. Dennis, Jr.

Robert A. Dennis, Jr.
Assistant Federal Public Defender

RAD/rd

Ex A